**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 05-35813

CHRISTY LEIGH DILL
a/k/a CHRISTY LEIGH ARWOOD

                Debtor

JOHN P. NEWTON, JR., TRUSTEE

              Plaintiff

                v.                            Adv. Proc. No. 07-3125

WELLS FARGO FINANCIAL, INC.

              Defendant

**MEMORANDUM ON
<u>MOTION FOR SUMMARY JUDGMENT</u>**

**APPEARANCES:**    LAW OFFICES OF MAYER & NEWTON
                                 John P. Newton, Jr., Esq.
                                 Brent S. Snyder, Esq.
                                 1111 Northshore Drive
                                 Suite S-570
                                 Knoxville, Tennessee 37919
                                 Attorneys for Plaintiff

                                WILLIAMS & PROCHASKA, P.C.
                                 Joseph R. Prochaska, Esq.
                                 Victoria A. Ferraro, Esq.
                                 401 Church Street
                                 Suite 2600
                                 Nashville, Tennessee  37219
                                 Attorneys for Defendant


**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff, John P. Newton, Jr., Chapter 7 Trustee, on December 7, 2007, seeking to avoid the lien of the Defendant, Wells Fargo Financial, Inc., pursuant to 11 U.S.C.A. § 547(b) (West 2004), that the avoided lien be preserved for the benefit of the estate pursuant to 11 U.S.C.A. § 550 (West 2004),[1] and that the statute of limitations under 11 U.S.C.A. § 546 (West 2004) be tolled due to the willful failure of the Defendant to provide proof of its security interest and to file a proof of claim. The Defendant filed the Answer of Wells Fargo Financial, Inc. to the Chapter 7 Trustee's Complaint (Answer) on January 8, 2008.

On April 22, 2008, the Defendant filed a Motion for Summary Judgment accompanied by, as required by E.D. Tenn. LBR 7056-1, a Memorandum of Law in Support of Motion for Summary Judgment Filed By Defendant Wells Fargo Financial, Inc., Pursuant to Rule 56 of the Federal Rules of Civil Procedure (Memorandum of Law) and its Statement of Material Uncontested Facts in Support of Motion for Summary Judgment (Statement of Material Uncontested Facts), incorporating the following exhibits: (A) a "Proof of Claim Request" dated November 16, 2005, faxed from the Plaintiff to the Defendant requesting that it file a proof of claim with supporting documentation (November 16, 2005 Request); and (B) an "Urgent Last Request Before Filing Lawsuit" dated March 27, 2006, faxed from the Plaintiff to the Defendant, requesting it file a proof of claim with supporting documentation (March 27, 2006 Request). On May 7, 2008, the Plaintiff filed the Plaintiff's Response to Motion for Summary Judgment Filed By Defendant, Wells Fargo Financial, Inc. (Response to Motion for Summary Judgment) with a supporting Affidavit, and the Plaintiff's

---

[1] The Plaintiff's citation to § 550 is incorrect. Bankruptcy Code § 551 provides that "[a]ny transfer avoided under section . . . 547 . . . is preserved for the benefit of the estate . . . ." 11 U.S.C.A. § 551 (West 2004).

2

Response to Statement of Material Uncontested Facts Filed By Defendant, Wells Fargo Financial, Inc. (Response to Statement of Material Uncontested Facts).[2] The Plaintiff did not file a brief in support of his opposition to the Motion for Summary Judgment.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(F) (2005).

I

On July 7, 2005, the Debtor purchased a 2005 Mazda 6 (Mazda) from Twin City Mazda, financing the purchase price with the Defendant, and the Defendant's security interest in the Mazda was noted with the Tennessee Department of Safety on the certificate of title on August 17, 2005. STMT. OF MAT. UNDISP. FACTS ¶¶ 1; COMPL. at EX. F. Thereafter, on October 2, 2005,[3] the Debtor filed the Voluntary Petition commencing her case under Chapter 7, and the Plaintiff was appointed as Chapter 7 Trustee. STMT. OF MAT. UNDISP. FACTS ¶¶ 3, 4.

On December 7, 2007, the Plaintiff filed the Complaint initiating this adversary proceeding, alleging that the Defendant failed to file a proof of claim or otherwise provide him with the security documents concerning the Mazda despite requests for these documents until after the statute of limitations under § 546 had passed, and asking the court to toll the statute of limitations and avoid the Defendant's lien upon the Mazda as a preferential transfer. Attached to the Complaint are the following exhibits: (A) the Debtor's Schedule D filed on October 2, 2005, listing the Defendant as

---

[2] In its resolution of the Motion for Summary Judgment, the court takes judicial notice of material undisputed facts of record in the Debtor's bankruptcy case file. *See* FED. R. EVID. 201.

[3] The Debtor's bankruptcy case and this adversary proceeding are governed by the Bankruptcy Code as enacted prior to the October 17, 2005 effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

3

the holder of a claim pursuant to an auto loan for the purchase of a Mazda 6 in July 2005, in the amount of $16,660.00, of which $16,000.00 was secured and $660.00 was unsecured; (B) the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (Notice of Chapter 7 Bankruptcy Case) issued by the clerk's office on October 4, 2005, and served on all creditors scheduled by the Debtor; (C) the March 27, 2006 Request; (D) the November 16, 2005 Request; (E) a letter dated October 9, 2007, from the Plaintiff to the Defendant's counsel requesting a copy of the "Creditor's Application For Notation of Lien" for the Mazda within seven days, to which the Plaintiff enclosed the November 16, 2005 Request; and (F) the Motion By Wells Fargo Financial, Inc. For Relief From the Automatic Stay (Motion for Relief) filed by the Defendant on October 4, 2007, to which the Defendant attached (1) a Retail Installment Sale Contract executed by the Debtor on July 7, 2005, for the purchase of the Mazda; and (2) the Certificate of Title issued by the State of Tennessee on August 17, 2005, evidencing the Defendant's lien and date of first security interest of July 7, 2005.

The Defendant filed its Answer on January 8, 2008, asserting that the Complaint was untimely filed under § 546 and should be dismissed. It then filed the Motion for Summary Judgment on April 22, 2008, attaching as exhibits the November 16, 2005 Request and the March 27, 2006 Request. The Plaintiff filed his Response to Motion for Summary Judgment on May 7, 2008, and in support thereof, submitted his Affidavit, also dated May 7, 2008, with the November 16, 2005 Request attached thereto as an exhibit.

## II

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (applicable in adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure). When deciding a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but instead, simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The moving party bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the nonmoving party to produce specific facts showing a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) (citing FED. R. CIV. P. 56(e)). The nonmoving party must cite specific evidence and may not merely rely upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

Having reviewed the pleadings, the Motion for Summary Judgment, the Statement of Material Facts, the Response to Statement of Material Facts, the exhibits, and the record as a whole, the court finds that no genuine issues of material fact exist, and the Defendant is entitled to summary judgment as a matter of law.

### III

The Plaintiff Trustee was required to file an adversary proceeding to recover pre-petition transfers, including potential preferences, prior to October 1, 2007, pursuant to § 546(a) of the Bankruptcy Code, which provides in material part:

>   (a) An action or proceeding under section . . . 547[4] . . . may not be commenced after the earlier of—
>
>>   (1) the later of—
>>
>>>   (A) 2 years after the entry of the order for relief; or
>>>
>>>   (B) 1 year after the appointment or election of the first trustee under section 702 . . . of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A); or
>>
>>   (2) the time the case is closed or dismissed.

11 U.S.C.A. § 546(a). Here, the order for relief and the Plaintiff's appointment as trustee occurred on the same date – October 2, 2005.[5] Under the plain language of § 546(a)(1), the Plaintiff was

---

[4] (b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property —

>   (1) to or for the benefit of a creditor;
>
>   (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
>   (3) made while the debtor was insolvent;
>
>   (4) made —
>
>>   (A) on or within 90 days before the date of the filing of the petition; or
>>
>>   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
>   (5) that enables such creditor to receive more than such creditor would receive if —
>
>>   (A) the case were a case under chapter 7 of this title;
>>
>>   (B) the transfer had not been made; and
>>
>>   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C.A. § 547(b).

[5] The commencement of a voluntary case . . . constitutes an order for relief . . . ." 11 U.S.C.A. § 301 (West

(continued...)

required to file his complaint to avoid the Defendant's lien under § 547 by October 1, 2007, a fact that the Plaintiff has acknowledged by raising the issue in the Complaint. He nevertheless argues that the statute of limitations should be equitably tolled because the Defendant failed to provide him with security documentation as required by the Local Rules of the United States Bankruptcy Court for the Eastern District of Tennessee (Local Rules) with an intent to conceal the information, preventing him from ascertaining the nature of the Defendant's lien on the Mazda until after the deadline under § 546(a) had passed, as evidenced by the filing of its Motion for Relief on October 4, 2007.

"Strictly defined, equitable tolling is [t]he doctrine that the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Tapia-Martinez v. Gonzales*, 482 F.3d 417, 422 (6th Cir. 2007) (internal quotations and citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control . . . [but a]bsent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citations omitted). When determining whether to apply the doctrine of equitable tolling, courts consider the following factors: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of

---

[5](...continued)
2004). Mr. Newton, a panel trustee, was appointed interim trustee by the United States Trustee after the Order for Relief and has served as trustee throughout the pendency of the Debtor's case. *See* 11 U.S.C.A. §§ 701(a), 702(d) (West 2004).

the notice requirement." *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003) (citation omitted). Nevertheless, "[t]he propriety of equitable tolling must necessarily be determined on a case-by-case basis." *Graham-Humphreys*, 209 F.3d at 561.

Applying these factors, the court can readily determine that there is no basis for tolling the statute of limitations. The Plaintiff's Complaint was untimely filed, and the Defendant is entitled to summary judgment.

Clearly, the Plaintiff, who is an attorney practicing bankruptcy law for many years, a certified consumer bankruptcy specialist, and a member of the panel of trustees in this district since 1985, cannot rely on a lack of actual or constructive knowledge of the § 546(a)(1) two-year statute of limitations nor can he plead ignorance of the notice requirement. STMT. OF MAT. UNDISP. FACTS ¶ 11. The fact that the Plaintiff does not rely on these factors is evidenced by his failure to file a brief and his failure to address these factors in his Response to Motion for Summary Judgment and supporting Affidavit. Additionally, having raised the expiration of the § 546(a)(1) deadline and the statute of limitations in his Complaint, the Plaintiff clearly understood the two-year filing requirement. *See* COMPL. ¶ 9.

Also weighing against tolling is the Plaintiff's lack of diligence in pursuing his rights. He argues that the statute of limitations should be tolled due to the Defendant's failure to provide him with security documentation evidencing the nature of its lien and/or for failing to file a proof of claim containing the supporting documentation because he was unable to discern this information from any other source, referencing a "requirement" under the Local Rules that the Defendant file a

proof of claim. In support of this Position, the Plaintiff relies upon Local Rule 3001-1, entitled "Claims and Equity Security Interests - General," which provides, in material part:

(b) Proof of Perfection by Secured Creditors.

> (1) *Submission to Trustee.* Prior to the meeting of creditors in chapter 7 . . . cases, all creditors asserting a security interest in property of the estate or property of the debtor must submit to the trustee proof that the asserted security interest has been perfected in accordance with applicable law. Creditors asserting security interests are requested also to submit a statement of the approximate amount of debt secured by each lien.
>
> (2) *Failure to Comply.* In the event the holder of a secured claim does not comply with the provisions of this rule and the trustee gives notice to the creditor in writing in accordance with Fed. R. Bankr. P. 9014(b) that it has failed to comply with the rule, the trustee may be entitled to recover costs related to the filing of an adversary proceeding against the creditor if the creditor fails to cure its noncompliance within 20 days of service of notice.

E.D. Tenn. LBR 3001-1; *see also* FED. R. BANKR. P. 3001(d) ("If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."); E.D. Tenn. LBR 3002-1 ("Every creditor filing a proof of claim must serve a copy of the claim along with attachments on any trustee in the case.").

There is nothing, however, within the Federal Rules of Bankruptcy Procedure or the Local Rules that affirmatively *requires* the filing of a proof of claim by any creditor.[6] The only rule speaking to a filing requirement is that, in order to be allowed, "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed . . . [.]" FED. R. BANKR. P. 3002(a). With respect to the Local Rules, the only thing that is required, and is also plainly stated on the Notice of Chapter 7 Bankruptcy Case served on all creditors, is that any

---

[6] In fact, the Local Rule clearly suggests that a trustee's remedy for a creditor's failure to establish proof of its security interest is the filing of an adversary proceeding. *See* Local Rule 3001-1(b)(2).

10

creditor claiming a security interest in property of the Debtor is required to provide the Trustee with proof thereof prior to the meeting of creditors. Moreover, although the Local Rules require secured creditors to provide proof of perfection, the only remedy for failing to comply with E.D. Tenn. LBR 3001-1(b) is the Trustee's entitlement to recover costs related to filing an adversary proceeding, a right potentially afforded every prevailing party in an adversary proceeding. *See* FED. R. BANKR. P. 7054(b).

The Plaintiff argues that the Defendant concealed the security documentation from him and that, without the benefit of receiving this documentation from the Defendant, he did not have the ability to obtain it from elsewhere. Along those lines, he disputes the Defendant's contention that these documents are public records to which he had access and could have procured through the Tennessee Department of Safety at any time between the meeting of creditors and the expiration of the statute of limitations, stating that he did not have access to those records either then or now. NEWTON AFF. at ¶¶ 6, 8.

Without making a determination as to whether or not the Plaintiff could have obtained the security documentation elsewhere, the court nevertheless finds that the Plaintiff did not exercise diligence in pursuing his rights. Based upon the record, between the meeting of creditors held on November 8, 2005, when the Defendant had not complied with the Local Rules, and the § 546(a) October 1, 2007 statute of limitations deadline, the Plaintiff only contacted the Defendant two times via facsimile, once on November 16, 2005, and once on March 27, 2006. *See* STMT. OF UNDISP. FACTS EXS. A and B.

Additionally, the Plaintiff could easily have required the Defendant to attend an examination under Rule 2004 of the Federal Rules of Bankruptcy Procedure at which the Defendant could have been compelled to produce the required documents.[7]

Finally, the Plaintiff could have timely filed this avoidance action on the basis that the Defendant had failed to comply with the Local Rules and provide proof of its security interest. In both the November 16, 2005 Request and the March 27, 2006 Request, he advised the Defendant that if it did not supply him with the requested documentation "<u>within the next seven days</u>," "the United States Trustee's Office has instructed me to file a Motion to Sell Property Free and Clear of all Liens in Federal Bankruptcy Court. This means the Court may order the sale of your collateral free from your lien." STMT. OF UNDISP. FACTS, Exs. A and B. Also, in the March 27, 2006 Request, Plaintiff asserted that it was the "*LAST REQUEST BEFORE FILING LAWSUIT*." STMT. OF UNDISP. FACTS, EX. B. Nevertheless, he did not make another attempt to obtain the documentation until October 9, 2007, after the § 546(a) two-year statute of limitations deadline had expired on October 1,

---

[7] **Rule 2004. Examination**

(a) Examination on motion

   On motion of any party in interest, the court may order the examination of any entity.

(b) Scope of examination

   The examination of an entity under this rule . . . may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. . . .

(c) Compelling attendance and production of documents

   The attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

FED. R. BANKR. P. 2004. Pursuant to Local Rule 9013-1(g), a hearing is not required for a motion for a Rule 2004 examination, which may be granted *ex parte*.

12

2007, and the Defendant had filed a motion for relief from the automatic stay. *See* COMPL. EX. E. Under these circumstances, the court cannot find that the Plaintiff exercised the requisite diligence to equitably toll the statute of limitations.

## IV

In summary, the court finds that there are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. An order consistent with this Memorandum will be entered.

FILED: June 3, 2008

> BY THE COURT
>
> /s/  RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE